**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Carolyn Vaught,<br><br>    Plaintiff,<br><br>vs.<br><br>Hunter Warfield, Inc.,<br><br>    Defendant. | Civil Action No. _____<br><br>**AMENDED**<br><br>**COMPLAINT AND DEMAND FOR**<br><br>**JURY TRIAL** |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by Plaintiff Carolyn Vaught, an individual consumer, against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and Telephone Consumer Protection Act, 47 U.S.C. 227 *et seq.*

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

4. This action arises out of the Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (hereinafter "TCPA").

5. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resided here, and Defendant transacts business here.

## PARTIES

6. Plaintiff Carolyn Vaught (hereinafter "Plaintiff") is a natural person that resided in the County of Wright, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant, Hunter Warfield, Inc. (hereinafter "Defendant"), is a Foreign Business Corporation, organized under the Laws of Maryland, operating from an address of: 2345 Rice Street, Suite 230, Roseville, MN 55113.

8. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff allegedly incurred a financial obligation with the Estates at Heatherbrook, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

10. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

11. Sometime on or before February 2, 2015, the alleged debt was consigned, placed, sold, assigned or otherwise transferred to Defendant for collection from Plaintiff. *See* **EXHIBIT** 1.

12. On or about February 2, 2015, Defendant sent Plaintiff a letter by mail in an attempt to collect a debt. *See id*.

13. During February 2015 Plaintiff received telephone calls from Defendant.

14. On or about April 24, 2015, Defendant called Plaintiff's disabled daughter, Joy Vaught, in an attempt to locate Plaintiff from a phone number (844)-494-7299.

15. Joy Vaught answered the April 24th phone call, stated she did not know where her mother was located, that she did not know or understand why she we being contacted regarding her mother's matters, and was very frightened by the phone call.

16. On or about April 25, 2015, Defendant again called Plaintiff's daughter Joy Vaught, and on this occasion Joy Vaught did not answer. Defendant called from a phone number (844)-494-7299.

17. On April 29, 2015, Plaintiff was contacted by Defendant on her cellular telephone and Plaintiff answered. Plaintiff stated that she was represented by an attorney and to not contact her.

18. On or about April 29, 2015, Defendant again called Plaintiff's daughter Joy Vaught, and on this occasion Joy Vaught did not answer. Defendant called from a phone number (844)-494-7299.

19. On May 1, 2015 Plaintiff called Defendant and stated that Defendant should not contact her daughter ever again.

20. On or about May 2, 2015, Defendant again called Plaintiff's daughter Joy Vaught, and on this occasion Joy Vaught did not answer. Defendant called from a phone number (844)-494-7299.

21. By calling Plaintiff and Plaintiff's daughter directly, Defendant violated the FDCPA by communicating with a consumer who Defendant knew was represented by an attorney. 15 U.S.C § 1692c(a)2.

22  Defendant violated 15 U.S.C. § 1692b(3) by contacting Plaintiff's Daughter, Joy Vaught, on more than one occasion when Defendant had Plaintiff's contact information and knew she was represented by an attorney.

23. Defendant violated 47 U.S.C. 227(b)(1)(A) by calling Plaintiff's cellular telephone using an automatic telephone dialing system.

24. Plaintiff has incurred actual damages in the forms of nervousness, fear of answering the phone, sleeplessness, extreme concern for her daughter's wellbeing, as well as, other forms of emotional distress.

25. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses, such as, attorney's fees, as a result of Defendant's acts and omissions.

## Respondeat Superior Liability

26. The acts and omissions of Defendant's employees who were employed as agents by Defendant, and who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

27. The acts and omissions by Defendant's employees were incidental to, or of the same general nature as, the responsibilities the agents were authorized to perform by Defendant in collecting consumer debts.

28. By committing these acts and omissions against Plaintiff, Defendant's employees were motivated to benefit their principal, Defendant.

29. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in its attempts to collect this alleged debt from Plaintiff.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby demands a trial by jury. US CONST. Amend. 7. FED. R. CIV. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

31. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

32. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq*.

33. As a result of said violations, Plaintiff has suffered actual damages in the form of fear of answering the phone, sleeplessness, extreme concern for her daughter's wellbeing, other forms of emotional distress, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

34. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

35. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## COUNT II.

## VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ.

36. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

37. At all times relevant hereto, Defendant used, controlled and or operated "automatic telephone dialing systems" as defined by § 227(a)(1) of the TCPA.

38. The foregoing acts and omissions of Defendant constitute negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

39. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory that Defendant's conduct violated the FDCPA and injunctive relief;

- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;

- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and

- For such other and further relief as may deem just and proper.

## COUNT II: TCPA VIOLATIONS

- As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

- Any and all other relief that the Court deems just and proper.

Dated:  July 16, 2015.            **MARSO & MICHELSON, P.A.**

By:     s/Blake R. Bauer

Blake R. Bauer (Bar No: 0396262)
Marcus J. Hinnenthal (Bar No: 0386756)
Attorneys for Plaintiff
Marso & Michelson, P.A.
3101 Irving Avenue South
Minneapolis, Minnesota
Telephone: 612-821-4817
Fax: 612-821-4826
Email: blake.bauer@outlook.com
Email: mhinnenthal@marsomichelson.com